**WEAGANT v. BOWERS, Collector of Internal Revenue.**

District Court, S. D. New York.

Nov. 13, 1930.

Humphreys & Gwinn, Adrian C. Humphreys, and Robt. N. Anderson, all of Washington, D. C., for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge.

The question presented is whether the sums of $33,333.33 and $16,666.66 received by the plaintiff in 1917 and 1919 were taxable income or were gifts. He was an inventor employed by the Marconi Wireless Telegraph Company from 1914 until 1920 under an agreement whereby the company became entitled to all his inventions and discoveries made during the time of his employment. In 1917 he invented certain improvements in radio apparatus which the company became entitled to without further payment to him under the original agreement; but because of the great value of the invention the company decided to give him one-third of what the rights might be sold for in other countries. Accordingly, on October 3, 1917, a written document was entered into between him and the company which was in form a contract providing that the company would pay the plaintiff one-third of the proceeds of the sale of foreign rights in the invention in consideration for his assignment to the company of all his rights in the invention and in "all improvements which he has now made or which he may hereafter make on the same." The question presented is whether this writing was a valid contract or was merely the guise under which the company made a gift to the plaintiff. Certain of the foreign rights were subsequently sold by the company for $150,000 and the two sums of $33,333.33 and $16,666.66 which the plaintiff subsequently received represented his one-third share and were paid to him under the above arrangement.

The law of this case has been established by the decision of Judge Caffey in denying a motion to dismiss the second amended complaint. He decided that the complaint alleged two grounds upon which the payments to the plaintiff could be held to be gifts: (1) That the instrument of October 3, 1917, was not intended to be a contract, but the memorial of a gift; and (2) that, even if it were intended as a contract, there was nevertheless no consideration for the company's promise, and that, therefore, payments made under it were gifts. It only remains to be determined, therefore, whether there is competent evidence to support the allegations of

the second amended complaint and in those instances where divergent inferences might be drawn whether the preponderance of the evidence is in favor of the plaintiff.

The only evidence in the case is a stipulation of fact, the deposition of the plaintiff, and an exhibit on behalf of the defendant consisting of a statement made by the plaintiff to the Treasury Department prior to the bringing of the present suit. All the exhibits offered by the plaintiff, consisting of affidavits, letters, and statements of third parties, I exclude with exception to the plaintiff on the ground that they are incompetent. Many of the questions and answers in the deposition of the plaintiff are also incompetent, but, in view of the fact that he was not examined in open court, and that therefore they could not be reframed, I believe that the objections to them should be overruled, with exception to the defendant.

The evidence shows that the plaintiff was employed from 1914 to 1920 under a contract terminable at the will of either party; that he received a definite salary for his services and was entitled to nothing more under the contract of employment; and that the company was entitled to all rights foreign and domestic in every invention and discovery which the plaintiff made during his employment. When the plaintiff made the valuable inventions in 1917 the company became entitled to all rights in them merely by virtue of the previous contract of employment, and was furthermore entitled to all rights in any improvement which the plaintiff might thereafter make during the period of his employment.

When the instrument of October 3, 1917, was entered into, I believe the parties did not intend that the company should receive anything more than what it was otherwise entitled to, and that, when they mentioned improvements which the plaintiff might "hereafter" make, they meant such improvements as he might make during his employment. I do not believe that they intended to bind the plaintiff for the rest of his life, whether he was employed by the company or not, to surrender all the fruits of his efforts in this field. If that conclusion is correct, the promise of the company was without consideration, and under the prior decisions in this case the payments must be held to have been gifts.

I believe that the greater weight of the evidence is in favor of a finding that the parties intended the instrument of October 3, 1917, to be a mere memorial of a gift rather than a contract. The plaintiff might have vastly strengthened his case by getting competent evidence from the officers and directors of the company, as is shown by the exhibits which I have excluded; but, even in the absence of it, I think the plaintiff's uncorroborated testimony constitutes a preponderance of the evidence. I therefore direct judgment for the plaintiff. Settle findings on notice.